IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TEXANNA FINNEY                                                        PLAINTIFF

vs.                          Civil No. 4:08-cv-04086

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Texanna Finney ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 2).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff filed her disability applications on March 14, 2005. (Tr. 13, 61-66). Plaintiff alleged she was disabled due to depression, anxiety, and back problems. (Tr. 116-117, 176-177). At the administrative hearing on August 23, 2007, Plaintiff alleged she was disabled due to mental retardation or her low IQ score. (Tr. 522). Plaintiff alleged an onset date of January 1, 2003. (Tr.

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

117). At the administrative hearing, this alleged onset date was amended to December 1, 2003. (Tr. 13, 500). These applications were initially denied on May 20, 2005 and were denied again on reconsideration on August 7, 2006. (Tr. 41-45).

Thereafter, Plaintiff requested an administrative hearing on her applications. This hearing request was granted, and an administrative hearing was held on August 23, 2007 in Fort Smith, Arkansas. (Tr. 483-534). Plaintiff was present and was represented by counsel, Wayne Young, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty-eight (38) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the ninth grade in school. *See id.*

On January 14, 2008, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 13-25). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2004. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since December 1, 2003, her amended alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: dysthymia, diverticulitis, panic disorder with agoraphobia, and chronic back pain. (Tr. 15-20, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 20-21, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 21-23). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed

limitations were not totally credible. *See id.* Second, the ALJ determined that, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 25 pounds frequently and 50 pounds occasionally and sit, stand, and/or walk for a total of 6 hours out of an 8-hour workday. From a mental standpoint, she is able to perform activities that are non-complex with simple instructions and require little judgment; that are routine and repetitive and learned by rote with few variables; where superficial contact with the public and co-workers is incidental to the work performed; and where supervision is concrete, direct, and specific.

(Tr. 21-22, Finding 5).

The ALJ then determined Plaintiff would be unable to perform her Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the local, regional, or national economy. (Tr. 24-25, Findings 6, 10). The VE testified at the administrative hearing on this issue. (Tr. 483-534). Specifically, the VE testified that considering her age, education, work experience, and RFC, there were jobs existing in significant numbers in the national Plaintiff could perform. (Tr. 24-25, Finding 10). The VE testified such a representative job Plaintiff could perform was as a dishwasher with 1,500 such jobs in Arkansas and 167,500 such jobs in the United States. (Tr. 25). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from December 1, 2003 through the date of his decision or through January 14, 2008. (Tr. 25, Finding 11).

On March 19, 2008, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 8-9). *See* 20 C.F.R. § 404.968. On July 23, 2008, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 3-5). On September 19, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on October

7, 2008. (Doc. No. 2). Both parties have filed appeal briefs. (Doc. Nos. 4, 7). This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ's decision should be reversed and remanded because it is not supported by substantial evidence in the record and (B) the ALJ's decision should be reversed and remanded because the ALJ erred by failing to fully and fairly develop the record. (Doc. No. 4, Pages 11-13). In response, Defendant argues that substantial evidence supports the ALJ's disability determination. (Doc. No. 7, Pages 6-15). Specifically, Defendant argues the ALJ properly considered the four consultative mental examinations and properly determined that no intellectual quotient (IQ) testing was necessary. *See id.* Because this

Court finds the ALJ's disability determination is not supported by substantial evidence, this Court will only address Plaintiff's first argument.

Plaintiff argues the ALJ's disability determination regarding her mental impairments is not supported by substantial evidence in the record for several reasons. (Doc. No. 4, Pages 11-12). One reason Plaintiff claims the ALJ's decision is not supported by substantial evidence is that the ALJ improperly based his decision upon an incorrect interpretation of the findings of the four consultative doctors. In response, Defendant argues the ALJ properly evaluated and considered the findings of the four consultative doctors, Drs. Tom Wright (psychologist), Betty Feir (clinical psychologist), Steve Shry (clinical psychologist), and Don Ott (licensed psychologist) and properly based his decision on their findings. (Doc. No. 7, Pages 6-11).

Since 2003, Plaintiff has had four consultative mental examinations. (Tr. 229-240, 292-295, 328-336). The results from all four of these mental examinations support Plaintiff's claim that she is disabled. Her first consultative examination was on July 31, 2003 with psychologist Dr. Tom Wright. (Tr. 229-235). Dr. Wright diagnosed Plaintiff with major depression (recurrent) with psychotic features and panic disorder with agoraphobia. (Tr. 233). Dr. Wright found Plaintiff had "[t]wo or more areas with significant limitation in adaptive functioning." (Tr. 234). Dr. Wright also found Plaintiff's "underlying disorders are considered unlikely to improve significantly within the next 12 months, probably following instead the typical remitting/relapsing course." *See id*. Her second consultative examination was on November 3, 2003 and was conducted by Dr. Betty Feir. (Tr. 236-240). After examining Plaintiff, Dr. Feir diagnosed Plaintiff with a "history of bipolar disorder" and panic disorder with agoraphobia. (Tr. 239). Dr. Feir also found Plaintiff's GAF score was 65. *See id.* Dr. Feir found Plaintiff had two or more areas "with significant limitations in

adaptive functioning." (Tr. 240).

On September 9, 2005, Plaintiff underwent a third consultative examination which was performed by Dr. Steve Shry. (Tr. 292-294). Dr. Shry diagnosed Plaintiff with bipolar disorder (by history), mild mental retardation, and personality disorder (not otherwise specified). (Tr. 294). Dr. Shry found Plaintiff's "mild retardation" was on the "upper end," and he estimated her IQ to be 70 or lower. *See id.* On July 14, 2006, Plaintiff underwent her fourth and final consultative examination which was performed by Dr. Don Ott. (Tr. 328-335). Dr. Ott diagnosed Plaintiff with dysthymic disorder and nicotine dependence. (Tr. 332). Dr. Ott found the following regarding Plaintiff's prognosis:

> Despite extensive mental health treatment, her condition remains basically unchanged. Significant improvement is unlikely without a different approach to her treatment, and major lifestyle changes such as smoking cessation and improved sleeping and eating habits.

*See id.* Dr. Ott also identified two or more areas with significant limitations in adaptive functioning. (Tr. 335).

Without more, these findings by Drs. Wright, Feir, Shry, and Ott do not provide substantial evidence supporting the ALJ's disability determination. All four of these consulting physicians found Plaintiff suffered from severe mental impairments. Three of these four doctors found Plaintiff suffered from two or more areas with significant limitations in adaptive functioning, and the remaining doctor found Plaintiff suffered from mild mental retardation with an IQ of 70 or lower. Defendant has provided no other opinions from doctors or others that would provide substantial evidence supporting the ALJ's decision. Accordingly, based upon this review, the evidence presented does not provide substantial support for the ALJ's decision.

Defendant argues Plaintiff's claims are not credible because she did not take the medication

she was prescribed for her mental impairments. (Doc. No. 7, Page 6). Defendant is correct that a claimant's failure to take medication as prescribed indicates the claimant's condition is not disabling or as severe as alleged. *Shannon v. Chater,* 54 F.3d 484, 487 (8th Cir. 1995) (holding "[f]ailure to take medication prescribed by a doctor may suggest a finding of no disability."). However, in this case, Plaintiff also stated that she stopped taking the medications because they were not working. (Tr. 230). Additionally, while failure to take medication as prescribed indicates a physical impairment may not be as severe as alleged, the same may not be necessarily true for a mental impairment. *See* 20 C.F.R. §§ 404.1530(c), 416.930(c) (giving examples of "good reason[s] for not following treatment"). For instance, in this case, considering Plaintiff's severe mental impairments, it is possible Plaintiff may not have appreciated the need for medication compliance. *See Brace v. Astrue,* 578 F.3d 882, 886 (8th Cir. 2009) (indicating a failure to appreciate the need for medical compliance may qualify as such a "good reason").

Defendant also claims Plaintiff's "inconsistent" statements regarding her illegal drug usage reduces her credibility such that she should be denied disability benefits. (Doc. No. 7, Page 6). However, her statements involving her illegal drug use are not "inconsistent" statements. Notably, on July 31, 2003, Plaintiff reported to Dr. Wright that she had occasionally used marijuana. (Tr. 231). Plaintiff did not provide a time-frame for that use or state how long ago she had used marijuana. *See id.* On November 3, 2003, Plaintiff reported that she currently did not use marijuana. (Tr. 237). That statement is not inconsistent with her statement on July 31, 2003 that she had occasionally used marijuana. Additionally, on August 9, 2005, Plaintiff reported to Dr. Shry that she stopped using drugs in 1992. (Tr. 292). This statement is not inconsistent with her statement that she had occasionally used marijuana. She may have occasionally used marijuana in the past but had

8

not used it since 1992.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of October, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE