IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TEXANNA FINNEY                                                              PLAINTIFF

vs.                                    Civil No. 4:08-cv-04086

MICHAEL J. ASTRUE
Commissioner, Social Security Administration                               DEFENDANT

## ORDER

Pending now before this Court is Plaintiff's Motion for Approval of Attorney's Fee Under 42 U.S.C. § 406(b) (2010).  ECF No. 10.  This Motion and the supporting documents were filed on November 23, 2010.  On December 1, 2010, Defendant responded to Plaintiff's Motion.  ECF No. 11. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 2.[1]  Pursuant to this authority, the Court issues this Order regarding attorney's fees.

## 1. Background

Texanna Finney ("Plaintiff") appealed to this Court from the Commissioner of the Social Security Administration's ("Commissioner") denial of a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").  ECF No. 1.  On October 27, 2009, this Court reversed and remanded Plaintiff's case for further administrative review.  ECF No. 8.  On June 28, 2010, Plaintiff was awarded disability benefits by the SSA.  ECF No. 13-1.  Based upon the award letter and the representations made by Plaintiff's attorney, Plaintiff's past-due benefits total approximately $33,177.00.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____."

Of that amount, Plaintiff requests that $4,715.23 be awarded to her attorney in attorney's fees. ECF No. 10.  Plaintiff states this amount constitutes less than twenty-five percent of past-due benefits awarded to her.  *Id.*  Based upon this Motion and the itemized bill accompanying this Motion, Plaintiff's attorney seeks this amount for 27.55 hours devoted to representation of Plaintiff at the administrative level and for 13.296 hours devoted to the representation of Plaintiff before the district court.[2]  This amount totals approximately 41 hours.[3]  Plaintiff's attorney has also filed a contingency fee agreement with Plaintiff reflecting a 25 percent contingency fee if the claimant loses at the ALJ hearing level but wins later on appeal.  ECF No. 10-3.

Defendant has responded to this Motion and does not oppose this request for fees.  ECF No. 11.  Defendant does, however, argue that Plaintiff's attorney is not entitled to an award of attorney's fees for work performed at the administrative level.[4]  ECF No. 11.

## 2. Applicable Law:

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court.  This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee  may be taken out of the amount of the Plaintiff's past-due DIB.  *See id.*  However, a court is not authorized

---

[2] Plaintiff's attorney began working on Plaintiff's appeal before the district court on September 17, 2008.  All work predating this appeal is administrative.

[3] After carefully reviewing the itemized bill, this Court finds the amounts of 27.55 and 13.296 total slightly less than 41hours.

[4] In his original response, Defendant objected to Plaintiff's failure to submit her award of past-due benefits.  ECF No. 11.  Defendant argued this information was required to determine the maximum attorney's fee allowed.  *Id.*  On December 22, 2010, Plaintiff provided this past-due benefit information to this Court.  ECF No. 13.  Thus, Defendant's objection is now moot.

to award attorney's fees out of a claimant's past-due SSI.  *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level.  *See* 42 U.S.C. § 406(b)(1).  It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts").  Instead, a plaintiff's attorney must petition the agency for these fees.  *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied.  *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002).  The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate.  *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held that Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded.  *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements."  *Id.*   The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section

3

406(b).  *Id.*  (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

## 3. Discussion:

Based upon his itemized bill, Plaintiff's attorney spent 13.296 hours before the district court performing services for Plaintiff.  ECF No. 10-2.  Plaintiff requests $4,715.23 in attorney's fees.  Pursuant to the contingency fee agreement, Plaintiff's attorney is entitled to 25 percent of past-due benefits or $8,294.25.  ECF No. 10-3.  Clearly, $4,715.23 is less than $8,294.25.

The total requested of $4,715.23 divided by the total number of hours requested of 13.296 for work before the district court equals an hourly rate of approximately $354.64.  Based upon the experience of Plaintiff's attorney and the contingency agreement between Plaintiff and her attorney, this Court finds $354.64 per hour is a reasonable hourly rate.  *See Gisbrecht,* 535 U.S. at 793.  Therefore, this Court awards the entire requested amount of $4,715.23.

## 4. Conclusion:

Pursuant to 42 U.S.C. § 406(b), this Court approves an attorney's fees in the amount of $4,715.23 which represents 13.296 court-related hours at an hourly rate of approximately $354.64.

**ENTERED this 11th  day of January, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE